UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

UNITED STATES OF AMERICA,

                                          DECISION AND ORDER
          v.                              00-CR-0053A

DARNYL PARKER,

                    Defendant.

═══════════════════════════════════

## INTRODUCTION

          Currently before the Court is a motion by the defendant, Darnyl

Parker, for resentencing following remand from the Second Circuit pursuant to

the United States Supreme Court's decision in United States v. Booker, 125 S.

Ct. 738 (2005) and the Second Circuit's decision in United States v. Crosby, 397

F.3d 103 (2d Cir. 2005).  For the reasons that follow, the motion is denied.

## BACKGROUND

          On April 4, 2000, Parker was charged in a twelve-count indictment

along with several other defendants.  Parker was named in eleven of the twelve

counts.  Count 1 charged Parker, a City of Buffalo police officer, and three other

police officers, John Ferby, David Rodriguez and Robert Hill, with conspiracy to

violate Fourth and Fourteenth Amendment rights, in violation of 18 U.S.C. § 241.

Count 2 charged Parker and the three officers with conspiracy to commit theft or

conversion of government property, in violation of 18 U.S.C. § 371, as it relates to 18 U.S.C. § 641, and Counts 3 and 4 charged Parker and the three officers with theft or conversion of government property in violation of 18 U.S.C. §§ 641 and 2. Count 5 charged Parker and the three officers with conspiracy to commit robbery, extortion, and extortion under color of official right, in violation of 18 U.S.C. § 1951.  Count 6 charged Parker and the three officers with attempted robbery, extortion and extortion under color of official right, in violation of 18 U.S.C. §§ 1951 and 2.  Count 7 charged Parker and the three officers with carrying and possessing a firearm in furtherance of the crimes alleged in Counts 5 and 6, in violation of 18 U.S.C. 924(c).  In Counts 8 and 9, Parker was charged with two additional counts of attempted extortion under color of official right in violation of 18 U.S.C. § 1951.  Count 10 charged Parker with one count of money laundering in violation of 18 U.S.C. § 1956(a)(3)(A).  Count 11 charged Parker and two others, his son William Parker and his nephew Reno Sayles, with conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846.

On March 15, 2002, following a jury trial on the charges, defendant Parker was found guilty of the following offenses:  Count 1 (civil rights conspiracy), Count 2 (conspiracy to commit theft or conversion of government property), Counts 3 and 4 (theft or conversion of government property), Count 5 (conspiracy to commit extortion under color of official right), Count 6 (attempted

extortion under color of official right), Counts 8 and 9 (attempted extortion under color of official right), Count 10 (money laundering), and Count 11 (conspiracy to distribute or possess with the intent to distribute 500 grams or more of cocaine).[1] On August 20, 2002, the Court sentenced the defendant to a term of 120 months of incarceration for Counts 1, 2, 3 and 4, and 136 months for Counts 5, 6, 8, 9 and 11, all to run concurrently.

The defendant appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit.  On May 19, 2004, the Second Circuit issued a summary order affirming the defendant's conviction and sentence.  An amended summary order was issued on September 3, 2004, wherein the Court reached the same conclusion.  However, on March 25, 2005, the Circuit remanded the matter to this Court in light of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and the Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), for the limited purpose of determining whether to resentence defendant Parker.

On July 28, 2005, the Court appointed attorney Daniel Henry, Esq., to represent defendant Parker in connection with the motion for resentencing.[2]

---

[1]  Parker was acquitted of Count 7 (possession of a firearm in furtherance of a crime of violence).

[2]  Initially, the Federal Public Defender was appointed under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to represent Parker in connection with his motion for resentencing. However, the Public Defender moved to withdraw due to a conflict of interest.  The Court granted the motion and appointed Mr. Henry.  See Dkt. No. 543.  In appointing Mr. Henry, the Court noted that attorney Mark Mahoney, Esq. had requested appointment under the CJA to

On September 8, 2005, the defendant, through counsel, filed a motion for

resentencing, and on September 30, 2005, the government filed a response

opposing the motion.


## DISCUSSION

As noted above, the Second Circuit remanded this matter for further

proceedings in light of <u>Booker</u> and <u>Crosby</u>.  In <u>Crosby</u>, the Second Circuit

explained that remand to the district court was "generally appropriate" in the

aftermath of <u>Booker</u>, so that the sentencing court could consider whether to

resentence the defendant under the new advisory sentencing regime.  The court

emphasized that remand was being conducted:

> not for the purpose of a required resentencing, but only
> for the more limited purpose of permitting the sentencing
> judge to determine *whether* to resentence, now fully
> informed of the new sentencing regime, and if so, to
> resentence.

<u>Crosby</u>, 397 F.3d at 117 (emphasis in original); <u>see also</u> <u>United States v.</u>

<u>Rubenstein</u>, 403 F.3d 93, 98 (2d Cir. 2005) ("Ordinarily, post-<u>Booker</u>, we would

---

represent defendant Parker, but the Court denied Mr. Mahoney's request.  <u>See id.</u>  Thereafter,
Mr. Mahoney moved for reconsideration of that ruling.  <u>See</u> Dkt. No. 544.  Defendant Parker
joined in that request.  The motion for reconsideration is denied for the reasons stated in the
Court's July 28, 2005 Order.  Furthermore, notwithstanding defendant Parker's desire to have
Mr. Mahoney appointed as his counsel, a criminal defendant does not have the right to choose
his appointed counsel under the CJA.  <u>See</u> Criminal Justice Act Plan for the United States
District Court, Western District of New York, Revised April 2001 ("Local CJA Plan"), at XI(I) ("A
defendant shall not have the right to select a particular attorney from . . . the Trial Panel . . . .").

remand for the district court to consider whether the original sentence – imposed pre-<u>Booker</u> on the then-valid mandate of the Guidelines – would have been different if the district judge had appreciated his discretion to frame the sentence based on the fact that the Guidelines are advisory.").

After carefully considering the entire record in this case, the written submissions of the parties, the current advisory sentencing regime as explicated in <u>Booker</u> and <u>Crosby</u>, and the factors set forth in 18 U.S.C. § 3553(a), the Court denies Parker's motion for resentencing.  That is, the Court finds that it would have imposed the same sentence even if the sentencing guidelines had been advisory at the time of the defendant's original sentencing.

As the Court stated during Parker's sentencing, Parker was the leader and organizer of a renegade group of Buffalo police officers who engaged in a conspiracy to violate civil rights while acting under color of law.  Parker used his position as a City of Buffalo police officer to facilitate the commission of his offenses.  In doing so, he broke the very laws that he had sworn to uphold, brought shame upon the entire Buffalo Police Department, and violated the public's trust.  Where offenses are committed by a police officer purporting to act within the scope of his authority, a significant sentence is required in order to serve the overall sentencing objectives of punishment and deterrence, and to send a message to the public that such conduct will not be tolerated.

Defendant Parker also conspired with his own son to engage in a drug distribution conspiracy.  The defendant sought have another individual, Theodore Calhoun, provide drugs to his son and his nephew, which they in turn would distribute to others.  In his motion for resentencing, Parker argues that he is somehow less culpable because he did not plan to distribute the drugs himself. The Court rejects this argument.  If anything, Parker was more culpable by virtue of his position as a narcotics detective for the Buffalo Police Department.  His job was to rid the Buffalo community of illegal drugs, not to put more drugs on the street or to find ways for him and his family members to profit from that illegal activity.

Because the Court finds that it would not have imposed a materially different sentence even if the original sentencing had occurred under the post-Booker sentencing regime, Parker's motion for resentencing is denied.

IT IS SO ORDERED.

/s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 19, 2005

6